```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT CHARLESTON
```

**UNITED STATES OF AMERICA**

**v.**                                       **CRIMINAL ACTION NO. 2:00-00179**

**LIONEL HANNAH**

<u>**SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER**</u>
<u>**MEMORANDUM OPINION AND ORDER**</u>

On October 25, 2005, the United States of America appeared by R. Booth Goodwin, II, Assistant United States Attorney, and the defendant, Lionel Hannah, appeared in person and by his counsel, George H. Lancaster, Jr., Assistant Federal Public Defender, for a hearing on the amended petition on supervised release submitted by United States Probation Officer Teresa L. Eggerud, the defendant having commenced a three-year term of supervised release in this action on December 31, 2003, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on January 17, 2001.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects: (1) that the defendant was involved in an altercation on June 24, 2005, at 833 Stockton Street, Charleston, West Virginia, and when the Charleston City Police arrived he provided the false name of Lamont Foye, as well as a false social security number and date of birth, thereby committing the state offense of obstruction as evidenced by the defendant's agreement as set forth on the record of the hearing that the offense could be proved by a preponderance of the evidence; (2) that the defendant failed to notify the probation officer within seventy-two hours of his contact with law enforcement on September 19, 2005, when he was stopped in a vehicle at 3:42 a.m., having been so stopped by the Charleston City Police; and (3) that the defendant failed to show for urinalysis testing at the rate of two times per month during July, August and September, 2005, as directed by the probation officer; as set forth in the petition on supervised release.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of

supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, on the basis of the original offense and the intervening conduct of the defendant, that the defendant is in need of correctional treatment which can most effectively be provided if he is confined, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of SIX (6) MONTHS to be followed by a term of THIRTY (30) MONTHS supervised release, upon the sixteen standard conditions of supervised release in effect in this district and the further condition that the defendant not commit another federal, state or local crime.

The defendant shall surrender for service of the sentence to the institution designated by the Bureau of Prisons by 2:00 p.m. on December 2, 2005.

Recommendation: The court recommends that, while on supervised release, the defendant continue participation in the program in which he has been participating at the National Institute of Technology.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: November 4, 2005

_____
John T. Copenhaver, Jr.
United States District Judge